IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARISSA VEITH, | Civil Action |
| Plaintiff, | No.  1:22-cv-185 |
| vs. | |
| ADVANCED FINISHING USA, | ELECTRONICALLY FILED |
| Defendant. | JURY TRIAL DEMANDED |

**PLAINTIFF'S COMPLAINT**

Plaintiff, Carissa Veith, by and through her undersigned counsel, files this Complaint against Advanced Finishing USA ("Defendant") and in support alleges as follows.

### I.  JURISDICTION AND VENUE

1. The jurisdiction of this Court invoked Title VII of the Civil Rights Act of 1964 42 U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991; 42 U.S.C. §1331 and the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5, as amended, and:

   a. Plaintiff filed a timely written charge of sexual harassment and retaliation with the United States Equal Employment Opportunity Commission and dual filed with the Pennsylvania Human Relations Commision on April 26, 2021.

   b. Plaintiff received a Notice of Right to Sue dated April 27, 2022 from the EEOC on May 12, 2022.

    c.  This action was filed with this Court within 90 days of receipt of that Notice.

## II.    PARTIES

3.    Plaintiff, Carissa Veith, is an individual who resides at 1321 Atkins Street, Erie Pennsylvania 16503.

4.    Defendant, Advanced Finishing USA, is a Pennsylvania Corporation whose principal place of business is located at 7405 Klier Drive, Fairview Pennsylvania 16415.

5.    At all times relevant hereto, Defendant was Veith's employer and also an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e(b).

## III. FACTUAL BACKGROUND

6.    Veith worked for Defendant from November 2020 until April 19, 2021. She last worked in the capacity of General Laborer and Office Assistant.

7.    During Veith's employment she was subjected to sexual harassment by her supervisor, Glen Light ("Light"), who directed inappropriate sexual comments and advances towards her.

8.    Light and other male supervisors employed by Defendant frequently harassed Veith and other females at the Defendant's workplace.

9.    Light and said other male supervisors were led by Jeff Swanson for all times relevant herein.

10.    It is believed and therefore averred that Jeff Swanson has a significant history of sexual harassment claims against him throughout the course of his career.

11.    Light would follow Veith around the office, buy her gifts, and threaten her job if she didn't break up with her boyfriend.

12. On or about March 2021, Light began sending Veith explicit photographs, videos, and messages.

13. For example, Light sent Veith texts such as "Good morning, beautiful", and "I miss you."

14. On or about March 4, 2021, Light sent Veith a video recording of himself working out partially disrobed.

15. On or about March 2021, Light sent Veith a naked photograph of himself with an erection.

16. On or about March 21, 2021, Light sent Veith a video of himself naked while masturbating.

17. Veith consistently asked Light to stop sending her such inappropriate messages as well as other inappropriate, sexualized conduct.

18. However, Light's inappropriate, sexualized behavior and pursuits continued toward Veith.

19. On or about April 1, 2021, Veith reported Light's sexual harassment to Jeff Swanson, General Manager, and Mary Lou Gelzins, Human Resources.

20. On or about April 2, 2021, Mary Lou Gelzins instructed Veith to stay home from work during the pendency of Defendant's investigation of Veith's complaints.

21. On or about April 9, 2021, Gelzins called Veith and terminated her employment with Advanced Finishing USA.

22. Veith was never afforded the ability to return back to work for Defendant.

## Count I
## Sexual Harassment Hostile Work Environment

23. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 22 as if fully set forth herein.

24. Defendant's misogynistic culture lead by Swanson, coupled with Light's unwanted and unwelcome conduct of a sexual nature subjected Veith to a hostile work environment, because of her sex, and therefore discriminated against Veith in a term and condition of employment because of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1).

25. The actions of Defendant were intentional and were undertaken with reckless indifference to Plaintiff's federally protected right to not be subjected to unwelcome and unwanted conduct of a sexual nature.

26. As a direct and proximate result of Defendant's intentional and reckless actions, Plaintiff has sustained the injuries set forth below:

   a. Loss of income and benefits;
   b. Humiliation;
   c. Loss of reputation;
   d. Inconvenience; and
   e. Emotion distress.

WHEREFORE, Plaintiff, Carissa Veith, demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest

until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on the date she was fired;

    c. That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

    d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

    e. That Plaintiff be awarded compensatory damages in an amount to be determined at the trial;

    f. That Defendant be ordered to pay plaintiff punitive damages;

    g. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

    h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fees; and

    i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II Retaliation

    27. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 25, as if fully restated herein.

    28. Defendant fired Veith because she opposed conduct made illegal under Title VII of the Civil Rights Act of 1964, in violation of 42 U.S.C. §2000e-3(a).

    29. Defendant's retaliation was intentional and taken with reckless indifference to Veith's federally protected right to not be retaliated against for opposing conduct made illegal under Title VII.

    30. As a direct and proximate result of Defendant's intentional and reckless actions,

Plaintiff has sustained the injuries set forth below:

    a. Loss of income and benefits;
    b. Humiliation;
    c. Loss of reputation;
    d. Inconvenience; and
    e. Emotional Distress

WHEREFORE, Plaintiff Carissa Veith demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

    a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on the date she was fired;

    c. That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

    d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

    e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

    f. If That Defendant be ordered to pay plaintiff punitive damages;

    g. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

    h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

i. That Plaintiff be granted such further legal and equitable relief that the Court deems just and proper.

Respectfully submitted,

Williamson Law LLC

/S/Amy Williamson
Pa.I.D. #60597
245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 600-8862

Attorney for Plaintiff